UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

IN RE:

STEVEN THEODORE RAPRAEGER            Case No. 1-13-10869-7-cjf
and KATHLEEN JANE RAPRAEGER,

　　　　　　Debtors.

---

## **MEMORANDUM DECISION**

### Background and Procedural History

The Bank of New York Mellon Trust Company, N.A., as Trustee for GMACM Home Equity Loan Trust 2006-HE3 (the "Bank"), seeks relief from a February 10, 2015 order approving the sale of the Debtors' homestead free and clear of liens, judgments, mortgages, chattel mortgages, taxes, and other claims (the "Order").

It is undisputed that on January 30, 2015, the Debtors, Steven and Kathleen Rapraeger ("Debtors"), filed a motion to sell their homestead free and clear of liens under section 363(f) of the Bankruptcy Code for a sale price of $169,900. They also filed a motion to shorten notice. No one disputes that notice of both motions was transmitted to the attorney for the Bank and to the servicer for the Bank. Neither the Bank nor any other party objected to the motion to shorten notice or the motion to sell. The Order provided the encumbrances listed on the exhibit attached to it "are hereby removed, released, and terminated from the property . . . to allow the sale and transfer of

the said property free and clear of all liens." Those encumbrances included the Bank's mortgage.

A title policy commitment was attached to the sale motion. It itemized unpaid real estate taxes for 2011, 2012, and 2013 totaling $9,229.29, and also noted that 2014 real estate taxes in the amount of $3,345.25 were not yet due. In addition, it identified the following encumbrances:

| **Creditor** | **Recording Date/Additional Information** |
|---|---|
| Bank of Galesville | Mortgage recorded November 9, 2004 |
| WI Coulee Region Community Action Program, Inc./Coulee Cap, Inc. | Mortgage recorded March 30, 2000, subordinated to Bank of Galesville as recorded on November 29, 2006 |
| Associated Bank | Mortgage recorded February 15, 2006 |
| GMAC Mortgage Corporation | Mortgage recorded August 2, 2006, assigned to The Bank of New York Mellon Trust Company N.A. as Trustee for GMACM Home Equity Loan Trust 2006-HE3 as recorded on June 26, 2014 |

The foregoing mortgages were listed in the Debtors' schedules, albeit in a different order of priority. The Debtors' estimate of the balance on each was also included in the schedules.

The affidavit of counsel in support of the motion to shorten notice stated the Debtors were able to obtain "a price that will pay off the secured creditors and the administrative expenses . . . ." It stated a belief that the shortened notice was adequate "because of the fact that the property is being sold for more than fair market value and it will allow the secured creditor to be paid in full." As it turned out, the Debtors' estimate of the balances due — including the amount due the Bank — was incorrect. The sale closed. The Bank, the

2

fourth priority secured creditor, was not paid in full. It received $11,213.59 of the $32,297.13 it was owed.

The Bank filed its motion to vacate the Order on March 24, 2015 (the "Motion"). Both the Debtors and the purchasers of the property (the "Purchasers") objected to that Motion.

The Bank asserts the Order should be vacated under Bankruptcy Rule 9024, which adopts Rule 60 of the Federal Rules of Civil Procedure. The Bank argues the statement in counsel's affidavit in support of shortened notice forms the basis for mistake, surprise, or excusable neglect under Rule 60(b)(1) or constituted a misrepresentation giving rise to relief under Rule 60(b)(3). It also argues the Order is void, entitling it to relief under Rule 60(b)(4). Alternatively, without explanation, the Bank asserts it is entitled to relief under Rule 60(b)(5) because applying the Order prospectively is no longer equitable, or under Rule 60(b)(6) for "any other reason justifying relief."

The Debtors and the Purchasers argue that approval of the sale was proper and the absence of an objection to the sale motion constituted consent to the sale. They dispute there is any basis for relief from the Order. Finally, they argue the policy favoring finality of court orders supports denial of the Motion.

Jurisdiction

The Court had jurisdiction over the motion to approve sale under 28 U.S.C. § 1334 by way of the reference from the District Court. 28 U.S.C. §§ 157(a) and (b)(1). It involved core proceedings under 28 U.S.C.

§§ 157(b)(2)(A) and (N). A Rule 60(b) motion is "ancillary to or a continuation of the original suit; the motion thus requires no independent jurisdictional ground." *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 799 (7th Cir. Ill. 1980). The Court, therefore, has jurisdiction over the Motion.

## Discussion

The "setting aside of an order confirming a sale involves different concerns and less discretion on the bankruptcy judge's part than the denial of confirmation of a sale in the first instance." *In re Chung King, Inc.*, 753 F.2d 547, 549 (7th Cir. 1985). Once the time for appeal has passed, a section 363 sale may be challenged only under Rule 60(b) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 9024. *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 286 (7th Cir. 2002); *In re Edwards*, 962 F.2d 641, 643 (7th Cir. 1992); *In re Chung King, Inc.*, 753 F.2d at 549-50.

Relief under Rule 60(b) is an "extraordinary remedy" reserved for "exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (citations omitted). A motion under Rule 60(b) must be made within a reasonable time. FED. R. CIV. P. 60(c)(1). Orders vacating confirmation of sales are especially disfavored because of the interest in finality of bankruptcy sales. *Edwards*, 962 F.2d at 643. This interest is evidenced in section 363(m), which provides that if a sale is not stayed pending appeal, an appellate court's reversal of authorization does not affect the validity of the sale in certain circumstances.

The policy reasons behind the interest in finality are clear. In typical cases, bona fide purchasers think they are getting property clear of liens, and their lender thinks it is getting a first mortgage to secure the loan. *Edwards*, 962 F.2d at 643. "If purchasers at judicially approved sales of property of a bankrupt estate, and their lenders, cannot rely on the deed that they receive at the sale, it will be difficult to liquidate bankrupt estates at positive prices." *Id.*

Central to the analysis is whether the Motion was filed within a reasonable time. What constitutes a "reasonable time" for filing a motion under Rule 60(b) depends on the circumstances. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin*, 769 F.3d 543, 548 (7th Cir. 2014). The difficulty in unwinding a 363 sale is readily apparent, as it is entirely foreseeable that many, if not all, parties concerned would act in reliance on the approval of the sale. Purchasers of property would likely move into the property or make improvements soon after a sale. Proceeds from the sale would be distributed to numerous parties, including other mortgage lenders, taxing authorities, the recording office, a real estate broker, and an attorney. Here, the Purchasers did move into the property, and the sale proceeds were distributed.

The Bank could have ascertained from the Debtors' schedules that the Debtors were in error regarding the balance owed to the Bank and the priority of the Bank's mortgage. It should have been aware at the time it made the loan that it was a fourth priority lender. That fact was also confirmed in the exhibits to the sale motion. On either February 13, 2015 or February 24, 2015, the Bank could have appealed the Order or filed a motion to vacate. It was clear by

5

this time why the check was for less than the full amount owed. The only logical conclusion would have been that the proceeds from the sale were insufficient to pay the Bank in full. The Bank still waited an inordinate time to bring the Motion.

The sale motion was filed on January 30, 2015. The Order was entered on February 10. The closing occurred February 11, and counsel for the Bank received a check for $11,213.59 on February 13, 2015. Counsel sent the check back to the title company the same day, indicating it was insufficient to pay off the loan. On or about February 24, counsel for the Bank again received the check from the title company with communication alleging the Order granting the Debtors' motion to sell the property allowed for a short payoff of the note and mortgage. The Bank waited until March 24, 2015, to file the Motion. Under these circumstances, the Bank did not file the Motion within a reasonable time.

Even assuming the Motion was made within a reasonable time, the Bank has not stated grounds justifying relief under Rule 60(b). That rule provides a court may relieve a party from a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Such relief is an "extraordinary remedy" reserved for "exceptional circumstances." *Wickens*, 620 F.3d at 759.

The Bank asserts the Court ought to grant relief because the Court's approval of the sale under section 363 was improper. However, asserted "errors of law and fact generally do not warrant relief under Rule 60(b)(1)," and thus a party must generally state some other ground. *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014). The Seventh Circuit Court of Appeals has approved a district court's use of Rule 60(b)(1) to correct its own appealable error as a "mistake" only in extremely limited circumstances. For example, relief was permissible where a district judge ruled but realized three days after an appeal was filed that she had overlooked the magistrate's report. *Mendez v. Republic Bank*, 725 F.3d 651, 653-54 (7th Cir. 2013). After she reviewed the report and recommendation, she concluded she had reached the wrong decision and permitted the appellant to file a Rule 60(b) motion.

The situation here is entirely different. In *Mendez*, the granting of Rule 60(b) relief was motivated by a concern for efficiency. *Id.* at 659-60. The district court corrected a clear error, sparing the parties the time and expense of litigating an appeal and potential remand sure to result in the same outcome. By contrast, there is no appeal pending in this case, and the Court has identified no similar mistake and "clear legal error." Approval of the sale was proper under section 363(f)(2). The Seventh Circuit has suggested that "lack of objection (provided of course there is notice) counts as consent" to extinguishment of an interest in a 363 sale. *FutureSource LLC v. Reuters Ltd.*,

7

312 F.3d 281, 285 (7th Cir. 2002). "It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold." *Id.* at 285-86. The Bank had notice of the proposed sale. It is a sophisticated creditor and was represented by counsel. It elected not to object. Considering its retrospective objection based on sections 363(f)(3) and (5) is impractical and inappropriate, as "the order approving a bankruptcy sale is a judicial order and can be attacked collaterally only within the tight limits that Fed. R. Civ. P. 60(b) imposes on collateral attacks on civil judgments." *Id.* at 286.

Notably, the holding in *Mendez* does not permit use of Rule 60(b) to circumvent the time requirements for filing an appeal. 725 F.3d at 660. No appeal was filed here, and the time for filing an appeal has passed. In addition, the Bank requests relief from this Court that possibly would not be properly granted by an appellate court under section 363(m).

The Bank asserts the statements in counsel's affidavit in support of the motion to shorten notice and its reliance on the statements constitute a "mistake, inadvertence, surprise, or excusable neglect" warranting relief under Rule 60(b)(1) or a "misrepresentation" warranting relief under Rule 60(b)(3). The affidavit stated the Debtors were able to obtain "a price that will pay off the secured creditors and the administrative expenses . . ." and "the property is being sold for more than fair market value and it will allow the secured creditor to be paid in full." According to the Bank, "any reasonable secured lienholder

8

would have believed it would be receiving full payment based upon the submissions of the debtors and an objection would not have been warranted."

However, the Bank's reliance and failure to object is not the type of action or inaction justifying relief. "Mistake" under Rule 60(b)(1) usually involves an inadvertent "misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009). As one commentator notes in reviewing typical Rule 60(b)(1) fact patterns, "[W]hen inadvertent conduct leads to a judgment, a claim of mistake or excusable neglect will always fail if the facts demonstrate a lack of diligence." 12 *Moore's Federal Practice*, § 60.41[1][c][ii] (Matthew Bender 3d ed.).

Here, the Bank's reliance on a statement by counsel in support of a procedural motion to shorten time demonstrates a lack of diligence. The Bank had information suggesting proceeds of the sale might not pay its claim in full. The Debtors' schedules state the claims secured by the property totaled $163,245.88. The sale motion also proposed payment of all ordinary costs of closing, unpaid real estate taxes of at least $11,213.59, and some amount of attorney's fees. Based on this information alone, it would have been clear that a $169,900 sale price would not pay all secured claims in full. The Bank possessed all the facts necessary to confirm it held a fourth priority mortgage and would be the first to be affected by a shortage of proceeds.

There were also indications the Debtors' scheduled $163,245.88 estimate of the total secured claims on the property was incorrect. The title policy included the amount of the 2011–2013 unpaid real estate taxes and the 2014

taxes that were not yet due. The scheduled value of the Bank's claim was approximately $2,300 less than the payoff amount, suggesting the other scheduled amounts might also be inaccurate. Further, at the time the motion to sell was filed, the Bank had not prepared a payoff statement to provide to the Debtors. The Bank was capable of confirming the amount it was owed and of inquiring about the actual balances on the superior mortgages. Rather than relying on the opinion of Debtors' counsel that the sale would pay all liens in full, minimal due diligence like requesting a proposed closing statement could have informed the Bank of the actual status. Additionally, a simple objection would have provided the opportunity to inquire further.

The Bank's argument that the Court should grant relief under Rule 60(b)(3) on the basis of a misrepresentation fails for similar reasons. The statements in the affidavit of counsel in support of the motion to shorten notice were indications of his belief. Even if the statements in counsel's affidavit constituted a misrepresentation, "[t]o obtain relief under Rule 60(b)(3), a party must show that she has a meritorious claim that she was prevented from 'fully and fairly presenting' at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012) (citations omitted). The Bank's reliance on the affidavit to the exclusion of any due diligence was unreasonable, given the comparison of the scheduled secured claims with the sale price, the unpaid real estate taxes, the fact the Bank's claim was not scheduled correctly as to amount or priority, and the fact the Debtors did not have current payoff statements for all of the loans. The

affidavit should not have dissuaded the Bank from making an independent inquiry into the facts. It did not impede the Bank from forming and raising an objection to the sale.

The Bank also asserts the Order is "void" under Rule 60(b)(4). The Bank posits the sale was inconsistent with provisions in the Debtors' Chapter 13 plan providing the Bank would retain its lien until paid in full. The Bank argues approval of a plan modification stripping down the Bank's lien to the fair market value of the property would have been inconsistent with section 1322(b)(2) and the Supreme Court's decision in *Nobelman v. American Sav. Bank*, 508 U.S. 324, 326, 113 S. Ct. 2106, 2108, 124 L. Ed. 2d 228 (1993). Thus, because the Order in some sense accomplished a modification and was inconsistent with the terms of the plan, the Bank argues the Order is "void."

This argument overlooks the context of the issue presented to the Court. The Court was asked to approve a sale under section 363. The Bank could have objected and argued the proposed sale would require a modification of the plan. It did not do so. It now requests relief from the Order, and the determination of whether the Order is "void" is governed by the meaning of the word under Rule 60(b)(4).

Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 271, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010) (citations omitted). In *Espinosa,* the bankruptcy court

confirmed a plan that provided for the discharge of student loan debt without finding "undue hardship" existed, as section 523(a)(8) requires in order for such a discharge. The Court determined this was a legal error. However, the order remained binding and enforceable because the creditor had notice of the error and failed to object. Similarly, the Bank failed to object to the sale motion.

There was no violation of due process here. *See Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950) (due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). The Bank received actual notice of the Debtors' proposal to sell the property free and clear of liens. The motion to sell described what the Debtors would do with the proceeds. The Court had jurisdiction to enter an order approving the sale, as such orders are core proceedings under 28 U.S.C. § 157(b)(2)(N). 28 U.S.C. § 1334, 28 U.S.C. §§ 157(a) and (b)(1). The Bank did not object. Accordingly, the Order is valid, and the Bank is not entitled to relief under Rule 60(b)(4).

The Bank also asserts grounds for relief from the Order "clearly" exist under Rule 60(b)(5) because "applying it prospectively is no longer equitable." However, the Order is not the type of order that applies "prospectively" in any relevant sense. Of course, "[v]irtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect . . . ." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.,* 131 F.3d 625, 630 (7th Cir. 1997) (citation omitted). However, for the purposes of Rule 60(b)(5),

12

"[j]udgments are prospective when they are 'executory' or 'involve the supervision of changing conduct or conditions.'" *Id.* This means the rule applies most frequently to injunctions and consent decrees. Here, there are no changing conditions. Once the Court approved the sale, it closed, and there is nothing that remains "executory" or subject to supervision.

Rule 60(b)(6) is the "catch all" provision permitting courts to grant relief from an order for "any other reason that justifies relief." The provisions of Rule 60(b) are mutually exclusive, so the Rule 60(b)(6) catch all provision cannot provide relief for a reason properly characterized as a "mistake" under Rule 60(b)(1) or "misrepresentation" under Rule 60(b)(3). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S. Ct. 2194, 2204, 100 L. Ed. 2d 855 (1988); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). The Bank does not identify a distinct "other reason," and the Court sees no other reason for relief.

In light of the interest in finality of bankruptcy sales, the Motion was not brought within a reasonable time. Even if the Court determined it had been brought within a reasonable time, these are not extraordinary circumstances warranting relief under Rule 60(b). As one court put it, encouraging "[m]ore diligent investigations pre-sale and clearer sale notices" is "a far better approach than to establish a practice that leaves final sale orders vulnerable to being set aside years later." *Nanak Resorts, Inc. v. Haskins Gas Serv., Inc. (In re Rome Family Corp.)*, Ch. 7 Case No. 02-11771, 2010 WL 1381093, at *7 (Bankr.

13

D. Vt. Mar. 31, 2010) (denying relief under Rule 60(b)(4)). Accordingly, the Motion is denied.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: July 16, 2015

                BY THE COURT:

                _____
                Hon. Catherine J. Furay
                U.S. Bankruptcy Judge